**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1132-18T2

WELLS FARGO BANK, NA,

     Plaintiff-Respondent,

v.

WILLIAM H. TAYLOR,

     Defendant-Appellant,

and

MRS. WILLIAM H. TAYLOR,
his wife, FIRST ATLANTIC
SAVINGS AND LOAN ASSOCIATION,
and UNITED STATES OF AMERICA,

     Defendants.

_____

     Submitted February 26, 2020 – Decided March 18, 2020

     Before Judges Mayer and Enright.

     On appeal from the Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-014804-17.

     William H. Taylor, appellant pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; Ethan R. Buttner, on the brief).

PER CURIAM

Defendant William H. Taylor appeals from a September 24, 2018 final judgment of foreclosure in favor of plaintiff Wells Fargo Bank, N.A. (Bank). Defendant also appeals from a February 23, 2018 order striking his answer, dismissing his counterclaims, and denying his cross-motion to amend his pleadings. We affirm.

Defendant executed a residential reverse mortgage with PNC Reverse Mortgage, LLC (PNC) on March 26, 2010, allowing him to borrow up to $697,500. To secure payment of the loan, defendant executed a note and mortgage encumbering his personal residence. The mortgage was assigned from PNC to the Bank on March 26, 2010.

In accordance with the loan documents, defendant was required to pay all property taxes on the mortgaged property. Because defendant failed to pay the required property taxes, the loan went into default on February 14, 2017. After serving a notice of intent to foreclose, the Bank filed a foreclosure complaint on June 14, 2017. Defendant filed a contesting answer and counterclaim.

2

The Bank moved to strike defendant's answer and dismiss defendant's counterclaim, which defendant opposed. Defendant cross-moved for leave to amend his pleadings. In support of its motion, the Bank presented a certification from the bank's employee, Linda L. Bridges, stating she had personal knowledge of the records in support of the Bank's right to foreclosure.

On February 23, 2018, Judge Margaret Goodzeit granted the Bank's motion to strike defendant's contesting answer and defenses and dismiss defendant's counterclaim. She also denied defendant's cross-motion for leave to amend his pleadings.

The judge attached a detailed written statement of reasons to her order. She found the Bank was the mortgagee of record when it filed the foreclosure complaint and established its right to foreclose. In her written statement, the judge determined "defendant's [a]nswer raises no genuine issue as to plaintiff's prima facie right to foreclose." In addition, she rejected defendant's challenge to the assignment of the mortgage because defendant, as the borrower, lacked standing to contest the assignment. Further, the judge reviewed defendant's fraud-based defenses and counterclaims and explained the fraud allegations were barred by the six-year statute of limitations under N.J.S.A. 2A:14-1. In addition, the judge concluded defendant failed to plead his fraud claims with the

3

requisite specificity. The judge denied defendant's motion to amend his pleadings because the substance of the proposed amended pleadings "remain[ed] unchanged." She also rejected defendant's proposed additional counterclaims, because they "lack[ed] factual or legal bases."

The Bank subsequently obtained a final judgment of foreclosure.

On appeal, defendant raises the following arguments:[1]

POINT I

> PRIMA FACIE FAILS. PLAINTIFF DID NOT HOLD A VALID NOTE, MORTGAGE OR ASSIGNMENT. ALL ARE FORGERIES AND VOID. PNC WAS NOT A REAL PARTY IN THE TRANSACTION.

POINT II

> APPELLANT'S AMENDMENT SHOULD NOT HAVE BEEN DENIED. APPELLANT'S AMENDMENT WAS TIMELY FILED. THE COURT'S DECISION MISSTATED AND MISAPPLIED THE RULE.

POINT III

> STATUTE OF LIMITATIONS. CONSIDERING THE [STATUTE OF LIMITATIONS] WAS MISPLACED. VIABILITY OF THE CONTRACTS COMES FIRST.

---

[1] We recite defendant's legal points verbatim.

A-1132-18T2

POINT IV

DENIAL AND WITH PREJUDICE
INAPPROPRIATE. THE COURT DID NOT
ADDRESS THE FACTS, FRAUD. RESPONDENT
DID NOT DENY THEM. THE [STATUTE OF
LIMITATIONS] RULE APPLICATION WAS IN
ERROR. DISCOVERY RULE IS APPROPRIATE.
(Not raised below).

POINT V

COURT TURNED A BLIND EYE TO EVERY
MATERIAL FACT, INCLUDING THE FRAUD,
FALSIFIED AGREEMENTS, FAKE SIGNATURES
ON THE NOTE, ASSIGNMENT, THAT PNC DID
NOT EXIST, THE ILLEGAL USE OF RELS, THAT
RESPONDENT DID NOT DENY THE FRAUD,
THAT THE CERTIFICATIONS WERE BOGUS. (Not
raised below).

POINT VI

RESPONDENT HAS NO STANDING. STANDING
REQUIRES VALID AGREEMENTS.
RESPONDENT HELD ONLY COUNTERFEIT VOID
AGREEMENTS, NO STAKE IN THE OUTCOME
AND NO DAMAGE OF AN ADVERSE RULING.

POINT VII

APPELLANT'S MOTION TO DISMISS. THE
COURT AVOIDED APPELLANT'S MOTION TO
DISMISS THE COMPLAINT. DID NOT RULE ON
IT. (Not raised below).

POINT VIII

5

RESPONDENT'S FAILURE TO JOIN PARTIES. THE COURT FAILED TO ORDER PNC BANK, ILLEGALLY ON THE NOTE, JOINED. PNC IS A NECESSARY PARTY.

POINT IX

ILLEGAL USE OF RELS, PNC. THE COURT NEVER ADDRESSED THE ILLEGAL USE OF RELS OR THE PAPERED OVER PNC DOCUMENTS. THE FRAUDULENT SCHEME VOIDS THE CONTRACTS. (Not raised below).

POINT X

DUE PROCESS VIOLATION. THE COURT MISSTATED, MISAPPLIED LAW, OVERLOOKED THE FACTS, FORGERIES, FAKE SIGNATURES, RELS, THE PNC FRAUD, MOTION TO DISMISS, ALL EVIDENCED IN ITS DECISION. THE COURT DID NOT CONSIDER ANY FACTS OR APPELLANT'S [SEVENTY-FIVE] PAGE REBUTTAL. A PRO SE DEFENDANT HAS NO STANDING IN THE COURT BELOW. IT ACCEPTED RESPONDENT'S PLEADINGS WITHOUT CHALLENGE. (Not raised below.)

Having reviewed the record, we affirm substantially for the reasons expressed by Judge Goodzeit. We add the following brief comments.

Defendant repeats the identical unsubstantiated and unsupported claims raised before the Chancery court. He continues to assert these claims without any basis in fact or in the record.

6

Defendant also argued before this court, as he did before the Chancery court, that the Bank lacked standing to obtain a final judgment. However, defendant presented no evidence and offered only conjecture that the Bank lacked standing. In response, the Bank provided a certification establishing it had possession of the note and a valid assignment of the note to evidence its standing. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Regarding defendant's fraud allegations, we are satisfied those allegations were untimely. Defendant had six years from the date of the March 26, 2010 note and mortgage to raise his fraud-based claims against the Bank.[2] The six-year statute of limitations expired on March 26, 2016. However, defendant did not assert his fraud-based defenses and claims until August 30, 2017. Therefore, those claims were properly time barred.

Nor do we discern any abuse of discretion in the judge's denial of defendant's motion to amend his pleadings. Generally, motions to amend pleadings are liberally granted, but the determination is left to the sound discretion of the trial court. Bldg.

---

[2] The judge found defendant submitted the application for a reverse mortgage in July 2009, and the note and mortgage were dated March 26, 2010. Thus, defendant's fraud-based defenses and counterclaims accrued no later than March 26, 2010.

A-1132-18T2

Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012); R. 4:9-1. Courts consider the usefulness of the proposed amendment in deciding a motion to amend a pleading. Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). Having reviewed the record, we are satisfied that the proposed amendments were essentially unchanged from defendant's initial pleadings and did not articulate any factual or legal bases for the newly proposed assertions.

Defendant raised several arguments on appeal that were not presented to Judge Goodzeit. We need not consider arguments not properly presented to the trial court when an opportunity for such a presentation is available, absent the matter going to the jurisdiction of the trial court or a concern of great public interest. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); R. 2:10-2. Defendant's newly asserted arguments do not go to the jurisdiction of the trial court or involve matters of great public interest.

To the extent we have not specifically addressed defendant's remaining arguments, we conclude those arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1132-18T2